**FILED**
**Dec 08, 2021**
**09:32 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| YOLANDA CAMACHO, | ) | |
| **Employee,** | ) | **Docket No. 2021-06-0186** |
| **v.** | ) | |
| | ) | |
| **RICARDO ALLEN, d/b/a** | ) | **State File No. 800375-2021** |
| **SOUTHERN STANDARD** | ) | |
| **LOGISTICS, LLC,** | ) | |
| **Employer.** | ) | **Judge Joshua Davis Baker** |

_____

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

_____

The Court held an expedited hearing in this case. Ms. Camacho requested that the Court decide this interlocutory claim based on a review of the record without an evidentiary hearing. She requested temporary disability and medical benefits for an injury to her back and tailbone from "a slip and fall down metal stairs." Mr. Allen defended on the grounds that Ms. Camacho was an independent contractor and not entitled to benefits.[1] Due to Southern Standard Logistics's lack of workers' compensation coverage, Ms. Camacho also requested eligibility to receive benefits from the Uninsured Employers Fund.

The Court holds Ms. Camacho is likely to prove at a final hearing that she was an employee of Southern Standard Logistics and is entitled to all requested benefits. The Court, therefore, grants her request for medical benefits and finds she is entitled to temporary disability benefits. However, because Ms. Camacho gave no proof of her average weekly wage, the Court cannot award temporary disability benefits of a specific amount.

---

[1] Mr. Allen added this defense to the Dispute Certification Notice. He did not file a brief supporting this defense for this on the record determination.

1

**Claim History**

Ms. Camacho is a resident of Antioch, Tennessee, and worked for Southern Standard Logistics, a company that contracted with Amazon for delivery services. While working for Southern Standard Logistics, Ms. Camacho slipped and fell on metal stairs on July 2, 2021, injuring her back and tailbone. She reported the injury to "amazon employees" and to Mr. Allen.

She explained to Mr. Allen by text message the medical treatment she needed and discussed returning his truck and a gas card. When he asked about her condition, she then asked whether he "talk[ed] to Amazon about the accident." In response to his question about an incident report, she stated that Amazon personnel "didn't fill one out," so he offered to contact Amazon and follow up later.

The next day, she asked if he had heard from Amazon. He responded, "I don't have workman's comp[.] That's what they asked me. . . . [T]he person I contacted asked me about a workman's comp policy. I don't have one[.]"

In another exchange, Mr. Allen texted, "Good evening[.] I'm gonna come get the truck about 930[.] [I']ll call you in the am for the address and to get the key[.]" Ms. Camacho responded, "The gas card is in the door[.]"

Ultimately, Dr. Derek Miller, a chiropractor, treated Ms. Camacho's back strain and completed and signed a questionnaire suggesting her "cervical/thoracic/lumbar sprain/strain" requires medical treatment, specifically "MRI imaging." He also marked that he took Ms. Camacho "completely off work" from July 6 to October 20, 2021. Ms. Camacho paid $2,838.05 for her treatment.

Mr. Allen, in an objection to the Dispute Certification Notice, claimed he is exempt from maintaining workers' compensation coverage because his employees are independent contractors. However, Ms. Camacho sent Mr. Allen a request for admissions asking him to admit the following facts:

1. Admit that when I got injured[,] I was a full time employee.
2. Admit that [Southern Standard Logistics] supplied the truck, gas, and tool[s] for me to complete my job daily.
3. [Southern Standard Logistics] was in control of scheduling of our hours and routes for the week.
4. When I got injured there were five or more employees working at the time.

Ms. Camacho sent the request for admissions to Mr. Allen on September 15, 2021. He failed to respond, and Ms. Camacho filed a motion asking that requests for admissions be deemed admitted. Mr. Allen did not respond to the motion.

**Findings of Fact and Conclusions of Law**

Ms. Camacho need only present sufficient evidence at this stage that she is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Before addressing the merits of Ms. Camacho's request for benefits, the Court must determine her employment relationship with Mr. Allen and whether Southern Standard Logistics meets the definition of an employer. As explained below, the Court finds both issues in Ms. Camacho's favor.

Tennessee Code Annotated section 50-6-102(12)(D)(i) identifies seven factors for determining whether an individual in a work relationship is an employee or an independent contractor:

(a) The right to control the conduct of the work;
(b) The right of termination;
(c) The method of payment;
(d) The freedom to select and hire helpers;
(e) The furnishing of tools and equipment;
(f) Self-scheduling of working hours; and
(g) The freedom to offer services to other entities.

No single aspect of a work relationship is conclusive in making this determination, and in deciding whether a worker is an employee or independent contractor, the trier of fact must examine all relevant factors and circumstances of the relationship. *Smiley v. Four Seasons Coach Leasing*, 2016 TN Wrk. Comp. App. Bd. LEXIS 28, at *10-11 (July 15, 2016).

Here, text messages imply that Mr. Allen provided a truck and gas card, which suggests that Southern Standard Logistics furnished equipment. Also, in her request for admissions, Ms. Camacho asserted that Mr. Allen provided all the tools and equipment for her to do her job and scheduled her routes and hours for the week. She also asserted she was a full-time employee.

Mr. Allen never responded to the request for admissions or to Ms. Camacho's motion to deem the requests admitted. The Court deems the requests admitted and finds these facts are sufficient to show Ms. Camacho would likely prove at a final hearing that she was an employee of Southern Standard Logistics. These facts show that Mr. Allen controlled how Ms. Camacho performed her work, the key consideration in determining whether an employee-employer relationship existed.

Turning to whether Southern Standard Logistics is an employer subject to the Workers' Compensation Law, an employer must use "the services of not less than five (5) persons for pay" to be subject to it. Tenn. Code Ann. §§ 50-6-102(13), 50-6-106(5). The admitted fact that Southern Standard Logistics employed at least five employees at the time Ms. Camacho was injured means it was required to maintain workers' compensation insurance. Therefore, the Court holds she is likely to prove at a final hearing that Southern Standard Logistics was an employer and required to carry workers' compensation insurance.

Since the Court determined that Mr. Allen is an employer under the Workers' Compensation Law, he "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). An "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of employment that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14).

Ms. Camacho injured her back when she slipped and fell down metal stairs while working for Southern Standard Logistics and was diagnosed with a sprain. She incurred $2,838.05 for her treatment. Mr. Allen did not pay for the treatment and lacked insurance to cover the costs. Therefore, the Court holds Mr. Allen must pay all the bills for the treatment. *See, e.g., Ducros v. Metro Roofing and Metal Supply Co., Inc.*, TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Oct. 17, 2017) ("[A]n employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own.").

Ms. Camacho also seeks temporary total disability benefits for the time she missed work. Under Tennessee law, an employee who becomes disabled from working due to a workplace injury that prevents her from working for a specific period is entitled to compensation. *See Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Because of her injury, Dr. Miller took Ms. Camacho off work from July 6 until October 20, 2021. Therefore, she is entitled to temporary benefits for that time. However, Ms. Camacho provided no proof of the wages she earned from Southern Standard Logistics. Without this information, the Court cannot award temporary total benefits for a specific amount.

Finally, because Southern Standard Logistics did not have insurance, the Court considers whether Ms. Camacho is eligible to apply for benefits from the Bureau's Uninsured Employers Fund. Under Tennessee Code Annotated section 50-6-802(e)(1), the Bureau has *discretion* to pay limited benefits to Ms. Camacho if she proves the following:

1. She worked for an employer who failed to carry workers' compensation insurance;
2. She suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015;
3. She was a Tennessee resident when injured;
4. She provided notice to the Bureau of the injury and of her employer's failure to secure payment of compensation within a reasonable period, but no longer than 180 days after the date of injury.

*See* Tenn. Code Ann. § 50-6-801(d)(4).

Ms. Camacho offered proof of all the criteria: she worked for an uninsured employer, was injured after July 1, 2015, resided in Tennessee on the date of injury, and filed her petition for benefit determination within 180 days of the date of the injury. Therefore, Ms. Camacho satisfied all the requirements of section (e)(1). She may complete the enclosed form for *consideration of a discretionary payment* through the Uninsured Employers Fund.

**IT IS ORDERED** as follows:

1. Mr. Allen shall provide medical benefits for Ms. Camacho with Dr. Derek Miller serving as the authorized treating physician.

2. Mr. Allen shall reimburse Ms. Camacho for the $2,838.05 she spent on medical benefits.

3. While Ms. Camacho proved entitlement to temporary total disability benefits, the Court cannot order payment of benefits because it has no information on the wages she earned while working for Southern Standard Logistics.

4. Ms. Camacho is eligible to request benefits from the Uninsured Employers Fund *at the Administrator's discretion* as provided in Tennessee Code Annotated section 50-6-802(e)(1). To do so, she must complete and file the attached form.

5. The Court sets this claim for **a status hearing on February 14, 2022, at 9:30 a.m. Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED December 8, 2021.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

5

# APPENDIX

1. Petition for Benefit Determination filed July 13, 2021
2. Dispute Certification Notice filed August 26, 2021
3. Objections and Additions to Dispute Certification Notice
4. Request for Expedited Hearing filed September 23, 2021
5. Declaration of Yolanda Camacho dated September 9, 2021
6. Text messages with "Ricardo Boss" dated from July 2 through July 23, 2021
7. Bill from LeConte Medical Center for $404.05 dated July 12, 2021, for services rendered on July 2
8. August 5, 2021 bill from TeamHealth charging $1,682 for physicians' services at LeConte Medical Center
9. Bill from Vista Radiology for $229 dated August 24, 2021, for x-rays on July 2.
10. Questionnaire with responses signed by Dr. Derek Miller on September 1, 2021
11. Discharge instructions from LeConte Medical Center
12. Advanced Injury Care Clinic "Disability Certificate" dated September 28, 2021, and October 6, 2021.
13. Receipt for $200 from Covenant Health dated July 2, 2021
14. Receipt for $49 from ChiroHealthUSA
15. Receipt for $54 from Advanced Injury Care Clinic dated July 6, 2021
16. Receipt for $20 from Advanced Injury Care Clinic dated July 7, 2021
17. Receipt for $20 from Advanced Injury Care Clinic dated July 8, 2021
18. Receipt for $20 from Advanced Injury Care Clinic dated July 13, 2021
19. Receipt for $20 from Advanced Injury Care Clinic dated July 16, 2021
20. Receipt for $20 from Advanced Injury Care Clinic dated July 19, 2021
21. Receipt for $20 from ChiroHealthUSA on July 23, 2021
22. Receipt for $20 from Advanced Injury Care Clinic dated August 18, 2021
23. Receipt for $20 from Advanced Injury Care Clinic dated August 25, 2021
24. Receipt for $20 from Advanced Injury Care Clinic dated September 1, 2021
25. Receipt for $20 from Advanced Injury Care Clinic dated September 28, 2021
26. Receipt for $20 labeled "CHIRO VISIT" and signed "ERM"
27. Screenshots from a rideshare app for rides from July 6 to October 6, 2021
28. Filing Information from the Secretary of State, Division of Business Services, for Southern Standard Logistics, Inc.
29. Request for Investigation dated July 15, 2021
30. Motion to Deem Requests for Admissions Admitted

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on December 8, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Yolanda Camacho, Self-represented employee | | | X | yolandac1925@gmail.com |
| Ricardo Allen, Employer | X | | X | 3315 Buck Road Clarksville, TN 37043 ricardoallen@ymail.com |
| UEF | | | X | Lashawn.pender@tn.gov Amanda.terry@tn.gov |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*